IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-00053-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BERTIE AMBULANCE SERVICE, INC., | ) | |
| et al., | ) | |
| Defendants. | ) | |

This matter is before the court on the Government's Motion to Reopen Discovery [DE-49]. Upon review of the instant motion and having considered the entire record, the court finds that the Government has shown good cause to reopen discovery and to continue the trial date. Accordingly, the Government's Motion [DE-49] is ALLOWED.

## I. RELEVANT PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint [DE-1] on August 28, 2014. On June 30, 2015, Defendants moved for summary judgment. Mot. Summ. J. [DE-25]. The court granted summary judgment in favor of Defendants Edward L. Lipscomb and Annetta P. Lipscomb as to all claims. Order Oct. 8, 2015 [DE-40]. Further, the court found that all claims against Defendant Bertie Ambulance Service, Inc., ("Bertie") arising prior to August 28, 2008, were time-barred. *Id.* On October 13, 2015, the Government filed the instant Motion to Reopen Discovery [DE-49].

## II. DISCUSSION

A motion to reopen discovery, and thereby modify the scheduling order, requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). The good cause provision of Rule 16(b)(4) does not focus

on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997); *see also McDonald v. Marlboro County*, No. 5:12-CV-1725-RBH-KDW, 2013 WL6580631, at *4 (D.S.C. Dec. 16, 2013) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

Here, the Government was diligent in seeking to amend. The court's Order [DE-40] partially granting summary judgment was entered on October 8, 2015. That Order significantly altered the posture of the case. The instant motion was filed less than a week later, on October 13, 2015. Bertie opposes the motion, pointing to the prejudice it will suffer from participating in further discovery. Prejudice to the non-movant, however, is not the focus of the court's inquiry. *See Dilmar Oil Co.*, 986 F. Supp. at 980. Having determined that the Government acted diligently in moving to amend, the court concludes that discovery should be reopened as requested.

## III.   CONCLUSION

For the foregoing reasons, the Government's Motion to Reopen Discovery [DE-49] is ALLOWED. Trial in this matter is CONTINUED to the court's March 7, 2016 term of court. This matter is REFERRED to United States Magistrate Judge Robert B. Jones, Jr., to conduct a status conference.

2

SO ORDERED.

This the 28 day of October, 2015.

                                                                JAMES C. FOX
                                                                Senior United States District Judge